**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12086

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRANCISCO SIACA MELENDEZ,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00176-RBD-DCI-1

————————————

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Francisco Siaca Melendez was given an upward variance sentence of 24 months' imprisonment for violating probation. He appeals the sentence as procedurally unreasonable. We affirm.

## I.

In October 2018, Siaca Melendez pleaded guilty in federal court to three counts of being a felon in possession of a firearm. For that, he was sentenced to three years' probation, to run from March 4, 2019, to March 3, 2022. On February 18, 2022, Siaca Melendez was arrested and charged in Florida state court for ten counts of possession of child pornography. He pleaded nolo contendere and was adjudicated guilty. The state court sentenced him to eleven years in state prison.

Because Siaca Melendez possessed the child pornography during his probation, the United States Probation Office petitioned the federal court to revoke the probation. It noted ten violations of probation in its petition, one for each conviction.

At the probation revocation hearing, Siaca Melendez admitted to each violation. The Court then stated that Siaca Melendez had a criminal history category of I and that his Guidelines' imprisonment range for the violations was 4 to 10 months.[1] After confirming that Siaca Melendez was intelligently, freely, and voluntarily admitting to the violations, the Court accepted his admissions and found that he violated his probation. The Court summarized the violations as "new conviction[s] for . . . possession of sexual performance by a child." It then asked the parties for their arguments as to the appropriate disposition.

---

[1] The statutory maximum prison term was 10 years as that was the maximum prison term for each of Siaca Melendez's three original firearm counts.

The Government requested the Court impose a 24-month prison term, to run concurrent with Siaca Melendez's state sentence. It emphasized that the most important condition of supervised release is following the law and that Siaca Melendez "broke [that condition] in an extraordinary heinous manner," demonstrating his complete disrespect for the law, the orders of the Court, and the victims of crimes. It characterized each video as "a monument, a memorial to horrific violence that [is] inflicted on children" and stated that the children are revictimized each time the videos are viewed. It also asked the Court to consider that it had given Siaca Melendez a "chance" by sentencing him to probation for the firearm offenses and that these violations were his response to that chance.

Siaca Melendez requested a sentence at the low end of the Guidelines range, to run concurrent with his state sentence, and to be followed by no supervision. He argued that his probation term was almost over when he violated it, meaning he largely demonstrated respect for the Court and the law. He also stated that his criminal history showed only four criminal convictions, which occurred when he was much younger, and that he pleaded guilty in state court to the child porn offenses without a plea agreement. He also noted that he was currently serving an 11-year prison sentence for the state charges and maintained that a low-end sentence would reflect the seriousness of his offense and adequately deter further criminal conduct.

The Court then asked what terms and conditions were placed on Siaca Melendez in state court, "[t]his being a child sex offense in state court." It specifically asked if Siaca Melendez had to register as a sex offender and if any constraints were placed on his internet access. It explained that it wanted to ensure an internet restriction was in place; if one was, it would not duplicate it, but if one were not, it would be inclined to impose supervised release with the restriction.

The Court then stated that it had reviewed 18 U.S.C. §§ 3551 and 3553 and that it had considered all § 3553(a) factors. It revoked Siaca Melendez's supervised release and imposed 24-month prison terms for Counts 1, 2, and 3. The terms were to run concurrent to each other but consecutive to the 11-year prison term imposed by the state court. The Court explained that Siaca Melendez's violations "constitute a breach of trust with respect to his underlying offense" and, thus, warrant a sentence consecutive to his state sentence. The Court also imposed a 12-month term of supervised release, with restricted internet access, to be served upon Siaca Melendez's release from prison. Neither party objected to the sentence or the manner in which it was imposed. Siaca Melendez now timely appeals, arguing that his sentence was procedurally unreasonable because the Court did not specifically explain why it varied his sentence upward from the Guidelines range.

## II.

We review unpreserved claims of error for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). "To

establish plain error, a defendant must show: (1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021).

If a defendant violates a condition of probation, the district court may, after a hearing and consideration of the § 3553(a) factors[2] to the extent that they are applicable, continue the defendant on probation or revoke probation and resentence him. 18 U.S.C. § 3565(a). The sentence should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court-ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A(3)(b). And if a district court imposes a sentence that is outside the defendant's calculated Guidelines range, it must state the reasons for the variance both in open court and in a statement of reasons form. 18 U.S.C. § 3553(c)(2).

However, "a Section 3553(c) error does not affect a defendant's substantial rights if the record is clear enough to allow meaningful appellate review of the sentence." *United States v. Steiger*, 99

---

[2] In fashioning a defendant's sentence, the Court is to consider "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; the seriousness of the offense; promoting respect for the law; providing just punishment; deterring criminal conduct; protecting the public; and providing the defendant with needed treatment, training, and medical care. 18 U.S.C. § 3553(a).

F.4th 1316, 1325 (11th Cir. 2024). And it does not seriously affect the fairness, integrity, or public reputation of judicial proceedings if the record is clear enough that the sentence does not appear "secretive and arbitrary." *Id.* In other words, "a Section 3553(c) error warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record." *Id.* Specifically, where "[a] reasonable person familiar with the sentencing record" would understand the reasons for the imposition of an above-Guidelines sentence, there is no reversible error. *Id.* at 1326. And we have found that standard met where the discussion at the hearing was "dedicated almost exclusively" to one thing. *Id.* at 1320, 1326.

Here, the Court did not provide specific reasons for its upward variance sentence in open court or in a statement of reasons form. It therefore erred, and its error was obvious. 18 U.S.C. § 3553(c)(2); *see also United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019) (explaining that an error is obvious if a statute, rule, or binding court precedent directly resolves it).

However, its error did not affect Siaca Melendez's substantial rights as it was clear on the face of the record that his above-Guidelines sentence was based on the serious criminal conduct he engaged in while on probation. Siaca Melendez argues this is not the case because "the parties touched on multiple reasons for their sentencing requests." We disagree.

At the outset, we note that though the parties did reference other topics at sentencing, many of those references were made to

frame the seriousness of Siaca Melendez's crime. For example, the Government stated that "this conduct demonstrates a complete disregard for the law." Siaca Melendez suggests that this statement concerns promoting respect for the law, but it's clear that it is meant to emphasize the seriousness of his conduct. And Siaca Melendez's own mention of his state court sentence was not an independent argument but was instead part of Siaca Melendez's description of "what the state court believed was the seriousness of the offense."

Regardless, the important consideration here is whether the Court's reasoning was clear from the record, not whether the parties gave more than one reason in their sentence requests. *See Steiger*, 99 F.4th at 1325. Though the fact that the hearing's discussion focused on a limited number of topics can support that the Court's reasoning was clear, it is not required for such determination. For, though our affirmance in *Steiger* was "made relatively simple" by the facts of the case, "most cases will not be so easy. In run of the mill cases—where many different facts and arguments may be in play at sentencing—analyzing the substantial rights prong of the plain error analysis may not be as straightforward." *Id.* at 1327 (Jordan, J., concurring).

Here, the Court's questioning at the hearing focused on whether the state court imposed the appropriate conditions on Siaca Melendez. Though the Court stated that the answers would inform whether it would impose an internet restriction on supervised release, the questions themselves reflected the seriousness

8                        Opinion of the Court                        25-12086

with which the Court viewed the criminal conduct. Indeed, its concern was whether the proper constraints were in place "in light of the underlying offense."

The Court also concluded that Siaca Melendez's violation of supervised release "constitute[d] a breach of trust with respect to the underlying offense." Though the Court explicitly stated that this breach warranted a sentence consecutive to the sentence imposed by the state court, that does not prevent it from also being a reason for the upward variance. Indeed, the specific reference to a consecutive sentence shows that the Court focused on the underlying offense for the length of the sentence it imposed. The Court's statement, as above, showed the seriousness with which the Court viewed Siaca Melendez's conduct.[3]

The Court's reason for imposing an upward variance was clear from the record, meaning the Court's error did not affect Siaca Melendez's substantial rights. His argument fails under the third prong of plain error review.

We caution, as the concurrence in *Steiger* did before us, that "[w]e do not provide a benchmark today on when a district court's reasoning is [clear or] unclear on the face of the record" as such an inquiry is "going to be fact-specific and subject to a case-by-case adjudication." 99 F.4th at 1328 (Jordan, J., concurring). We simply

---

[3] We also reject Siaca Melendez's contention that conduct must rise to an "egregious" level to qualify as a reason for an upward variance that can be clear from the record. Our inquiry concerns the content of the hearing, not the facts of the violation. *See Steiger*, 99 F.4th at 1325.

find that, on the record in this case, the Court's reasoning for the upward variance was clear, and "[a] remand in this circumstance would be a wasteful formality for the district court to state on the record what everyone already knows." *Id.* at 1327.

### III.

The sentence imposed by the District Court was procedurally reasonable. We, therefore, affirm.

**AFFIRMED.**